ANTHONY JASAITIS, PETITIONER-APPELLANT, v. CITY OF PATERSON, RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 25, 1957—Decided December 16, 1957.

104

Before Judges CLAPP, JAYNE and SCHETTINO.

*Mr. John C. Wegner* argued the cause for petitioner-appellant.

*Mr. Ervan F. Kushner* argued the cause for respondent.

The opinion of the court was delivered by
SCHETTINO, J. A. D.   This is an appeal from a judgment of the County Court dismissing petitioner's application for compensation and reversing a judgment of Department of Labor and Industry, Division of Workmen's Compensation, awarding compensation to petitioner.

Petitioner was and is a regular patrolman on defendant's police force.   On February 4, 1956 he completed his usual tour of duty at 6:00 P. M.   He reported "off duty" at his police station, left for home still in uniform and boarded a bus.   He testified that:   "When I arrived at my destination, Martin and Twenty-first Avenue, *as I left the bus,* I slipped and fell.   It was an icy sidewalk."   (Italics ours)   He

sustained a fracture of his left foot. The nature and extent of the disability is not a subject matter of this appeal.

Petitioner seeks compensation under the Workmen's Compensation Act, *R. S.* 34:15–7. Defendant filed an answer alleging that "petitioner did not sustain an accident resulting in an injury while and during the course of his employment." The claim came on for hearing before a compensation referee at a formal hearing, (but see *N. J. S. A.* 34:15–22, 34:15–54.1, 34:15–57) on December 19, 1956 and at the hearing, defendant stipulated all the jurisdictional elements, including the fact that petitioner sustained a compensable accident arising out of and in the course of his employment.

Thus, the only issue to be determined there was the nature and extent of permanent disability. The referee entered a "consent judgment," allowing petitioner 15% of the left foot, an amount equivalent to $900, together with certain unpaid medical bills in the amount of $34.25, and disallowing certain other medical expenses.

On January 9, 1957 the entire proceedings were reopened by consent and the stipulation previously made admitting the jurisdictional facts was withdrawn. Defendant by consent reasserted the defense previously raised in its answer, that petitioner did not sustain an accident arising out of and in the course of his employment. The only evidence introduced at that hearing was petitioner's report dated February 11, 1956 to his police department, in which he gave his version of the accident.

Petitioner through his attorney stated, but did not prove on the record, that defendant's plain-clothesmen "are given tickets but they do not give them to the men in uniform because drivers of busses recognize the men in uniform." Defendant conceded that a police officer is subject to the preservation of the peace and order and the prevention of any violation of law or commission of crime at all times. Although the record is barren of proof, the referee stated that, by way of stipulation, plain-clothesmen or the persons in the department who do not wear a uniform, are given tickets because drivers of busses recognize them, and that defendant entered into an agreement with the bus company

to reimburse it for transportation afforded police officers. The referee concluded that transportation was provided by the defendant, that the accident happened during transportation time, and since an officer would be under a duty to take action in any disturbance or other breach of the peace that might happen at the time of transportation, the accident arose out of and in the course of the employment and he accordingly entered a judgment for petitioner.

Defendant appealed to the County Court which stated that the sole question before it was whether or not petitioner was engaged in the course of and within the scope of his employment at the time he sustained injuries. The County Court reversed the judgment of the Division and dismissed the petition. It is to be noted that the County Court found that petitioner: "Upon arrival at his destination, while leaving the bus, * * * slipped and fell on an icy sidewalk * * *."

At argument several stipulations were entered into. Defendant conceded that on occasions petitioner, while at home and off duty, had been called to and did quell certain disturbances which took place in the housing project in which he lived and further that the manual of the police department of defendant could be considered as part of the record. Particular attention was drawn to the manual's General Rule 3 and Uniforms and Equipment Rule 53. Rule 3 provides that a member of the police department shall be fit for and subject to duty at all times except when on sick report, shall devote his entire time and attention to the service and shall not engage in any other business or calling except when suspended without pay. Rule 53 provides that a police officer shall not wear his uniform sooner than one hour before beginning duty nor later than one hour after ending duty. Petitioner additionally points out that there are other restrictions imposed upon a uniformed officer such as that he cannot carry any package or bundle, Rule 44. Petitioner urges that these and other rules enforce his contention that, while uniformed, he is under the control and direction of defendant.

We feel, as did the County Court that the sole question is whether or not petitioner was engaged in the course of and within the scope of his employment at the time he sustained injuries.

Petitioner contends that he had reported off duty at 6:00 P. M., that his police station had no facilities in the form of lockers or rooms for him to change into civilian clothes, that his employment required him to go to and from work in uniform, that, under Rule 53, he had to get out of uniform within one hour of termination of duty and that the accident happened while on the way home and at 6:20 P. M., well within the one hour period. Petitioner emphasizes the benefit to defendant and its inhabitants in having uniformed officers in view. Such officers contribute to the safety of the people and act as deterrents to the commission of crimes. Additionally, he points out that under *R. S.* 48:3–32 he is permitted to ride without payment of a fare while in uniform and engaged in the performance of his public duties, and defendant is required to reimburse the bus company for the fare. The conclusion advocated is that since defendant permitted petitioner to ride the bus without payment of fare and since it permitted the fare to be charged against it under this statute, defendant must have considered the petitioner on duty and must have considered that it owed transportation to petitioner, and that therefore injuries resulting from an accident arising out of the act of transportation are compensable.

In its opinion the County Court pointed out that no evidence was presented to the Division of Workmen's Compensation to bottom the referee's conclusions that defendant was either contractually obligated to pay a public transportation company for the cost of transportation of a police officer to and from his home, or that the municipality was obligated to do so under the terms of the employment of the petitioner, or that a custom was proved under which the bus company provided full transportation for defendant's police officers.

It is well settled that in our review of this class of cases we must give due weight to the judgment of the County Court and we will not disturb such judgment unless

the interests of justice plainly call for it. *Mewes v. Union Bldg. & Construction Co.*, 45 *N. J. Super*. 88, 90 (*App. Div.* 1957). The Workmen's Compensation Act is a remedial law of prime import, and should be liberally construed. *Sanders v. Jarka Corporation*, 1 *N. J.* 36, 42 (1948). But in order to establish a compensable accident, it must be proved that it not only arose out of the employment, but also in the course of the employment. Liberal interpretation required to be given to the Workmen's Compensation Act cannot justify any judgment based on mere guess or conjecture. While the Workmen's Compensation Division is not bound by technical rules of evidence (see *R. S.* 34:15–56), it must ascertain the party's substantial rights from legally competent evidence, and judgments must be based on legal evidence and cannot disregard the fundamental rules of judicial proof. *Andricsak v. National Fireproofing Corporation*, 3 *N. J.* 466, 471 (1950).

The general rule of law is that injuries sustained by an employee while going to or returning from his place of work are not considered as arising out of and in the course of employment and hence are not compensable.

"The hazards encountered by employees while going to or returning from their regular place of work, before reaching or after leaving the employer's premises, are not ordinarily incident to the employment, and for this reason injuries resulting from such hazards are in most instances held not to be compensable as arising out of and in the course of the employment. This general rule is subject, however, in most jurisdictions, to certain well-recognized exceptions which depend upon the nature, circumstances, and conditions of the particular employment, and the cause of the injury." 58 *Am. Jur., Workmen's Compensation, sec.* 217, *pp.* 723–724.

See also *Moosebrugger v. Prospect Presbyterian Church,* 12 *N. J.* 212, 214 (1953) ; *Ryan v. St. Vincent de Paul Roman Catholic Church,* 41 *N. J. Super*. 206, 211 (*App. Div.* 1956).

This general rule has the following exceptions, which hold the injuries compensable when (a) transportation is furnished by the employer to and from the place of employment, *Plumstead v. Township of Roxbury*, 8 *N. J. Misc.* 717 (*Sup.*

*Ct.* 1930), affirmed 108 *N. J. L.* 202 (*E. & A.* 1931); *Rubeo v. Arthur McMullen Co.,* 117 *N. J. L.* 574 (*E. & A.* 1937), opinion after remand see 118 *N. J. L.* 530 (*Sup. Ct.* 1937); (b) the use of means of conveyance is required in the performance of the employee's service, *Demerest v. Guild,* 114 *N. J. L.* 472 (*E. & A.* 1935); (c) the nature of employment requires travel during the hours of employment, *Geltman v. Reliable Linen & Supply Co.,* 128 *N. J. L.* 443 (*E. & A.* 1942); (d) the employee is required to perform some special service or errand or to discharge some duty incidental to the nature of the employment in the interest of, or under the direct or implied order of the employer, *Van Ness v. Borough of Haledon,* 136 *N. J. L.* 623, 627 (*E. & A.* 1948); *Aiello v. Borough of Verona,* 18 *N. J. Misc.* 176 (*W. C. B.* 1940); and (e) the employer has furnished transportation to the extent that it has ripened into a "custom," *Micieli v. Erie Railroad Company,* 130 *N. J. L.* 448 (*Sup. Ct.* 1943), affirmed 131 *N. J. L.* 427 (*E. & A.* 1944).

▪ Our analysis of the present record produces full accord with the findings and judgment of the County Court. We agree with the County Court that the transcript contains no testimony relating to an obligation or custom providing transportation to policemen in uniform. The referee's conclusion that the parties so stipulated is not borne out by the record. A statement by petitioner's counsel is no substitute for the evidence required upon which to base such a conclusion.

▪ Nor does the record establish any basis in fact for applying any other exception to the general rule. Petitioner's argument that the rules of the police department compel a conclusion that he is always on duty and therefore the beneficiary of the transportation statute (*R. S.* 48 :3–32, *supra*) cannot be sustained. True it is that, if while off-duty were he to be injured in quelling a disturbance on a bus or in answering the disturbance calls in his housing development, he would receive compensation therefor. But he would have returned to and within the orbit of his official duties

in those situations. A policeman is required to exercise his authority and perform his duties without direct orders when an emergency arises and, while answering the call of duty during the emergency, he has returned to his "on duty" status. *Rightmyer v. Totowa Borough*, 16 *N. J. Misc.* 161 (*W. C. B.* 1938); *Van Ness v. Borough of Haledon, supra* (136 *N. J. L.* 623).

We are particularly concerned here with the referee's finding as to a stipulation between the parties indicating that, perhaps as a result of custom, petitioner may have been furnished transportation at the time, possibly without charge to the employer, but nevertheless in such a way as to be accepted by all as a perquisite of his employment. As the County Court noted, the record does not establish that the employer assented to such a stipulation; and nothing has been said to indicate whether or not it did so assent in the course of an accompanying colloquy, which the appendix shows was left "off the record." We think that even if such a stipulation were not in fact entered into, still in view of the apparent assumption made as to the point by the referee and perhaps by the petitioner, an opportunity should be afforded for the taking of proofs before the Division upon the nature of such a custom, if any, and upon such other matters as the Division deems advisable. On these proofs it may make such determination as to it seems appropriate. Under the circumstances we feel that the ends of justice require a remand of the case to the Division.

The question may arise as to when transportation begins and ends. In that connection we note from the evidence presently before us that the accident happened to petitioner "while leaving the bus," and that the act of leaving is within the twilight zone of transportation. However, we should not pass on the question thus raised or on the effect of the above-mentioned custom to provide transportation to policemen going to and from work while in uniform (if there were such a custom) until the facts are clearer than they are on this record.

Reversed and remanded.